Smith, J.
The facts in this case are these: Yates died possessed of personal property to the amount of about $550.00, and of real estate worth $3,000. His debts andthe costs,of administering his estate will be about $1,500. Mary A. Blackburn is the sister and only heir-at-law of the deceased. In his last sickness Yates made a verbal or nuncupative will, which was *326 duly admitted to. record in this county. By it the testator attempted to dispose of his whole estate by the following language. He said, “ that all the property he had, and that he was possessed of at the time of his.death, he wanted Miss Lou Adams, ofWaverly, Term., to have; that it was his request that said Miss Lou Adams should have all the property he had.”
It is conceded that under our statute, sec. 5991, this will did not pass'any title to Miss Adams to the real estate, and the question in the case,is whether the debts and the costs of administration, are payable from the real estate of the deceased, and the legatee named in his will be thus entitled to receive from the administrator the whole of the personal estate.
The majority of the court is of the opinion that such is the case. That it was the clear intention of the testator that the person named as the object of his bounty, should take something by his will. And having, by a valid disposition, given to her all of his 'personal property, it is apparent that it was his wish that she should receive and have the benefit of it, instead of having it all taken for the payment of his debts. That the legal effect of the will was, to leave the real estate undisposed of, and the gift of the personal estate to Miss Adams, was in substance a specific legacy to her, and operated to exonerate it from the payment of the debts of the deceased, and the costs and expenses of administering his estate, and to impose that burden upon the real estate as to which he died intestate. That if this be not so, the legacy given to Lou Adams will be worthless, as the personal estate will all be needed to pay such debts, and the intent of the testator be thus wholly defeated.
I am of a different opinion. It is conceded by all that the will can only operate upon the personal estate, and the statutes of the state recognize and adopt the principle of the common law, that the personal estate is primarily liable for the debts of the decedent, unless by a will he has exonerated it from the payment of the same, and imposed that burden upon the real estate. See secs. 6074, 6136 et post. Rev. Stats. Unless, therefore the verbal will has done this, the personal estate should be held liable therefor.
Thomas Millikin, for Lou Adams.
Gholson & Cabell, for Mary A. Blackburn.
R. N. Shotts, for Administrator.
I do not think the will does this. It makes no mention whatever of his debts. There is nothing in it, or in the evidence in the case, to show that the testator knew that he owed anything, or knew the value of his property, or that it would take all of the personal estate to pay his debts. It must be presumed that he supposed the devise of his whole estate to Miss Adams was valid, and that if he had any debts it was immaterial to the sole legatee, whether they should be paid from the real or personal estate. But as the will was only valid as to the personal property, it seems to me that the legatee took that subject to the provisions of the law, that so much of it as was necessary for that purpose, was to be applied to the payment of his debts.
To give the will the effect claimed for it by the counsel for Miss Adams, and the opinion of the majority of the court, would be, I thiuk, to make this nuncupative will operate upon the real estate by imposing upon it a burden, which without the will it would not bear, but which would clearly fall upon the personal estate. This would be against the policy of our statute.
I concede that the question is not free from doubt, but am of the opinion that the law is on the side of the heir.